IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

BOBBY RAY FRETWELL                                                                PLAINTIFF
ADC #114872

V.                             NO.  5:03CV00393 JWC

HUGH SMITH, et al                                                                DEFENDANTS

MEMORANDUM OPINION AND ORDER

Plaintiff is a pro se inmate currently confined to the Cummins Unit of the Arkansas Department of Correction ("ADC").  On October 16, 2003, Plaintiff filed this 42 U.S.C. § 1983 civil rights action (docket entry #2) alleging Eighth Amendment denial of appropriate medical care and deliberate indifference claims.  By previous orders (see docket entries #9, #83), Defendants Norris, Dotson and Wedgeworth were dismissed from this action. On March 27, 2006, Defendants Smith and Campbell filed a motion for summary judgment and brief in support (docket entries #67, #68) in which they sought to dismiss Plaintiff's complaint on sovereign immunity and respondeat superior grounds.  They also filed a statement of indisputable relevant material facts (docket entry #69) pursuant to Local Rule 56.1 of the Rules of the United States District Court for the Eastern District of Arkansas. The Court, after some previous confusion, has received Plaintiff's response to Defendants Smith's and Campbell's motion (see docket entries #90, #91).[1]

---

[1] The Court received a letter from Plaintiff that showed a post-marked date of May 2, 2006.  In this letter Plaintiff stated that he responded to Defendants Smith's and Campbell's motion for summary judgment on or about April 15, 2006, which the Court should have received around April 18 or 19.  On the same date, Plaintiff stated that he also filed a motion for extension of time in which to respond to Defendants Dotson's and Wedgeworth's motion for summary judgment.  He subsequently forwarded his response to this motion on or around April 20, 2006.  Although Plaintiff stated that he received a file-marked copy of this response, he did not receive file-marked copies of his response to Defendants Smith's and Campbell's motion or of his motion for extension, which had become moot.  Plaintiff had also learned that the mail room clerk at the Cummins Unit passed away during this time period; thus, he was concerned that these two submissions were never mailed or filed with the Court.  A review of the docket indicated that the Court did not receive either submission. Based on Plaintiff's representations, he was given a second opportunity to respond to Defendant

**I.  Standard**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The Court must view the evidence in the light most favorable to the nonmoving party, giving him the benefit of all reasonable factual inferences. Reed v. ULS Corp., 178 F.3d 988, 990 (8th Cir. 1999).  A moving party is nevertheless entitled to summary judgment if the nonmoving party has failed to make a sufficient showing on an essential element of his case with respect to which he will have the burden of proof at trial. Celotex, 477 U.S. at 322-23.  To avoid summary judgment, the nonmovant must go beyond the pleadings and come forward with specific facts, "by [his] own affidavit" or otherwise, showing that a genuine, material issue for trial exists. Id. at 324; Fed. R. Civ. P. 56(e).  A nonmovant has an obligation to present affirmative evidence to support his claims. Settle v. Ross, 992 F.2d 162, 163-64 (8th Cir. 1993).  A litigant's verified complaint is generally considered an affidavit for purposes of summary judgment. Burgess v. Moore, 39 F.3d 216, 218 (8th Cir. 1994).  Moreover, pro se complaints must be liberally construed and held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

---

Smith's and Campbell's motion for summary judgment (see docket entry #77).

## II.  Background

According to Plaintiff's original and amended complaints, and addendum to his amended complaint (docket entries #2, #4, #6), on June 19, 2003, he was injured while working the vinyl bindery job he was assigned at the Cummins Unit.  Plaintiff alleges that one-quarter inch of his thumb was completely severed while operating a faulty plastic cutter.  Plaintiff further alleges that medical staff threw the severed portion of his thumb away rather than attempting to re-attach it, bandaged his thumb, and denied him pain medication.  This injury has allegedly caused Plaintiff some disfigurement and some nerve damage in that he no longer has full and complete feeling in his thumb.  As to the pending summary judgment and only surviving claims, Plaintiff states that his complaint is two-fold: first, for the permanent injury to his thumb; and second, for being placed in the position of being forced to work on unsafe machinery.  Specifically, Plaintiff claims that as his immediate supervisor, Defendant Smith was responsible for ensuring that the inmates under his supervision were properly trained in the safety and operation of the bindery equipment.  Plaintiff further claims that Defendant Smith failed to keep the faulty plastic cutter in safe working order by neglecting to make the proper repairs that were required. Defendant Campbell was Defendant Smith's supervisor and was responsible for hiring qualified employees, ordering new tools, and ensuring that Defendant Smith properly trained the inmates.  Plaintiff alleges that it was Defendant Campbell's duty to approve purchases for new equipment— that Defendant Campbell knew or should have known that the cutters were old and worn out (see docket entries #90, #91).

### III.  Analysis

Defendants first contend that Plaintiff's claim for monetary damages against them in an official capacity is barred by the doctrine of sovereign immunity.  Public officials may be sued under § 1983 in either their official or individual capacity, or both.  Johnson v. Outboard Marine Corp., 172 F.3d 531, 535 (8th Cir. 1999).  To sue a public official in his individual capacity, a plaintiff must expressly and unambiguously state so in the pleadings, otherwise it will be assumed that the defendant is being sued only in an official capacity.  Id.  By order entered November 4, 2003, Plaintiff was directed to amend his complaint to specifically state whether he sued Defendants in an individual capacity, official capacity, or both (see docket entry #3).  In response Plaintiff clearly answered "Plaintiff's complaint against all defendants is in their official capacity" (docket entries #4, #69, Exhibit 2, page 6).  In addition, Plaintiff seeks damages only from Defendants.  In his original complaint (docket entry #2), Plaintiff requested an unspecified amount of compensation for the loss of a portion of, and the use of, his thumb.  In his amended complaint, Plaintiff requested reimbursement for all legal expenses as well as $10,000 in damages for his pain and suffering, nerve damage and disfigurement (docket entries #4, #69, Exhibit 2, pages 7 & 8).

The Eleventh Amendment bars a citizen from bringing suit in federal court against a state, a state agency, or a state official sued in his official capacity for monetary damages which must be paid from public funds in the state treasury.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984); Barnes v. State of Missouri, 960 F.2d 63, 64 (8th Cir. 1992) (per curiam); Nix v. Norman, 879 F.2d 429, 431-32 (8th Cir. 1989).   However, a state official may

4

nevertheless be sued in an individual capacity for action taken in an official capacity and such a claim is not barred by the Eleventh Amendment.  Hafer v. Melo, 502 U.S. 21, 25 (1991).  Only two exceptions exist to Eleventh Amendment immunity: (1) "where Congress has statutorily abrogated such immunity by 'clear and unmistakable language,'" or (2) where a state has waived its immunity to suit in federal court, but "only where stated by the most express language or by such overwhelming implications from the text as will leave no room for any other reasonable construction."  Barnes, 960 F.2d at 64-65 (citing Welch v. Texas Dep't of Highways & Pub. Transp., 483 U.S. 468, 473-74 (1987)).  Neither exception is applicable to Plaintiff's case.  See Will, 491 U.S. at 66.

Defendants Smith and Campbell are employees of the ADC, the ADC is a sovereign state agency,[2] and Plaintiff clearly specifies that he has sued each in an official capacity only.  In fact, Plaintiff fails to even address the issue of sovereign immunity in his response and brief in opposition to Defendants' motion for summary judgment (see docket entries #90, #91).  Moreover, Plaintiff seeks only damages in this proceeding.  Plaintiff has neither pled nor is he able to prove that the State has waived its immunity with regard to § 1983 lawsuits and Congress did not abrogate Eleventh Amendment sovereign immunity when it enacted § 1983; therefore, even if he could subsequently prevail on his claim, he can be afforded no relief against these Defendants.  In sum, Plaintiff's claims for monetary damages against Defendants Smith and Campbell in their official capacity are barred by the Eleventh Amendment.[3]

---

[2] See Campbell v. Arkansas Dep't of Corr., 155 F.3d 950, 962 (8th Cir. 1998).

[3] Because Plaintiff's case must be dismissed on sovereign immunity grounds, it is unnecessary for the Court to address Defendants' alternate ground for dismissal (i.e., the doctrine of respondeat superior).

## IV. Conclusion

In accordance with the above, IT IS, THEREFORE, ORDERED that:

1. Defendants Smith's and Campbell's motion for summary judgment (docket entry #67) is GRANTED and Plaintiff's claims against them are DISMISSED WITH PREJUDICE.

2. Judgment will be entered showing that Plaintiff's claim against Defendant Norris has been dismissed without prejudice (refer to docket entry #9), his claims against Defendants Dotson and Wedgeworth have been dismissed with prejudice (refer to docket entry #83), and his claims against Defendants Smith and Campbell have been dismissed with prejudice.

3. Pursuant to docket entry #87, the Clerk of the Court is now directed to enter judgment by default against Defendant Dotson; however, because Plaintiff failed to prove damages proximately caused by Defendant Dotson's actions, no monetary damages will be awarded against him (see docket entry #83).

4. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that AN IN FORMA PAUPERIS APPEAL from this order and any judgment entered hereunder, WOULD NOT BE TAKEN IN GOOD FAITH.

IT IS SO ORDERED this 14th day of November, 2006.

_____
UNITED STATES MAGISTRATE JUDGE